CLAY, Circuit Judge,
concurring.
I concur in the majority opinion, but write separately to discuss Winslow’s status as a contact person or representative for the Rainbow Family. U.S. Forest Service regulations require an individual or entity who proposes to occupy National Forest land to file a written proposal with the Forest Service or to present an oral proposal to the District Ranger or the Forest Supervisor having jurisdiction over the affected land. 36 C.F.R. § 251.54(b). As described by the Third Circuit:
The application for a permit is a simple one-page document which essentially requires the applicant to supply information concerning the location and description of the National Forest System land upon which the activity will take place, the facilities that the applicant seeks to use, the estimated number of participants and spectators, the starting and ending times and dates for the proposed activity, and the name of an adult who will sign a special use authorization on behalf of the applicant.
United States v. Kalb, 234 F.3d 827, 830 (3d Cir.2000) (citing 36 C.F.R. § 251.54). The regulations require the proponent (if not an individual) to designate a contact person and a representative for the group. See id. § 251.54(d)(1) (proposal for special use must provide “the name and address of the proponent’s agent who is authorized to receive notice of actions pertaining to *706 the proposal”); id. § 251.54(d)(2)(E) (proposal for special use must provide “[t]he name of the person or persons 21 years of age or older who will sign a special use authorization on behalf of the proponent”). If the Forest Service approves the application, the designated representative must sign the special use permit on behalf of the group. Id. § 251.54(g)(3)(H).
At trial, Winslow admitted to the three elements of a violation of 36 C.F.R. § 261.10(k) as specified in the majority opinion, but raised a defense that, because he is not an official of the Rainbow Family, he could not act as a contact person or representative for purposes of securing a permit for their gathering in Ottawa National Forest on June 22, 2002. He argued that listing himself as a contact person or a representative on the special use permit application would have amounted to a false statement and exposed him to a substantial fine and/or imprisonment pursuant to 18 U.S.C. § 101. The evidence in the record, however, belies Winslow’s arguments.
Since 1972, Winslow’s role with the Rainbow Family has involved scouting sites and conferring with the Forest Service. Further, Winslow participated in several meetings with Forest Service personnel for the purpose of discussing site selection and logistics of the June 22, 2002 gathering. According to the testimony of Thomas Ford, Assistant Forest Supervisor at the Ottawa National Forest, Winslow dominated much of the discussion at a May 17, 2002 meeting between the Rainbow Family and the Forest Service. When the Forest Service proposed several sites for the Rainbow Family gathering, Winslow rejected all of them. According to Ford, Winslow appeared to act as a leader for the Rainbow Family. These facts support the finding that Winslow was a representative of the Rainbow Family.
Winslow’s own testimony reveals that he considered himself to be a contact person for the group. He acknowledged at trial that if the Forest Service had come up with additional proposed sites after the May 17, 2002 meeting, it could have contacted him and provided him with that information. Winslow then would have provided that information to the Rainbow Family at its “Spring Council” meeting.
Because Winslow acted as both a representative and a contact person for the Rainbow Family, he would not have faced criminal prosecution for making a false statement if he had submitted a permit application that designated himself as a contact person or a representative for the group. As noted by the Magistrate Judge, Winslow fails to provide a plausible explanation of the difference between acting as a contact person for the Rainbow Family in meeting with the Forest Service and acting as a contact person for the Rainbow Family for a permit application.